IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TINA M. HEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:22-CV-03129-WJE |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Tina M. Head seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Jo Ann L. Draper ("ALJ") found that although Ms. Head had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work with some limitations. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Head protectively filed a claim for SSI on January 13, 2020. (AR 12). She alleged an amended disability onset date of February 4, 2020, due to fibromyalgia, chronic obstructive pulmonary disease, anxiety, depression, lumbar/cervical spine pain, leg pain, migraines, spider veins, high cholesterol, type 2 diabetes, osteoarthritis, a right torn rotator cuff, and a right shoulder

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

tear. (*Id.* 12, 206, 213). Her claim was initially denied on April 3, 2020. (*Id.* 12). She filed a written request for a hearing, which was held on February 4, 2021. (*Id.*).

On March 10, 2021, the ALJ denied Ms. Head's claim. (*Id.* 9). The ALJ determined that although Ms. Head had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 14–18). She also determined that Ms. Head had an RFC to perform sedentary work with certain limitations, including:

> [S]he can lift and/or carry 10 pounds occasionally and 5 pounds frequently. She can stand and/or walk 2 hours in an 8-hour work day, and sit 6 hours in an 8-hour work day. She can frequently climb ramps and stairs, occasionally climb ropes, ladders and scaffolds, occasionally crouch, crawl[], kneel[], stoop[], and occasionally reach overhead with right upper extremity. She can have occasional exposure to extreme cold and heat, vibration, pulmonary irritants and hazards. She has the ability and concentration for routine tasks involving simple work-related decisions and requiring simple judgment with only occasional work place changes, and occasional contact with public, co-workers and supervisors. She can perform tasks independently at a normal pace in goal-oriented work, in which job tasks are not completed within a strict time deadline.

(*Id.* 18). During the hearing on February 4, 2021, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Head's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 25, 81–82). The VE testified that such an individual could perform work as a document preparer, addresser, or stuffer. (*Id.* 25, 81–82).

Following the ALJ's decision, Ms. Head filed an appeal with the Appeals Council. (*Id.* 182–83). The Appeals Council denied her request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1–3). Because Ms. Head has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707–08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 416.920; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091–92 (8th Cir. 2012) (citation omitted).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who

has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Head raises one issue in her appeal before the Court. She argues the ALJ improperly discounted Dr. Greg Link's and Licensed Clinical Social Worker Donna Griffin's medical opinions regarding Ms. Head's limitations, thereby crafting an RFC unsupported by substantial evidence. (*See* Doc. 16 at 22–28). The Acting Commissioner argues there is substantial evidence supporting the RFC because the ALJ properly considered the supportability and consistency of the medical opinions. (*See* Doc. 17 at 4–14). The Court finds that the ALJ properly evaluated Dr. Link's and Ms. Griffin's medical opinions, and substantial evidence supports the ALJ's RFC decision.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (citations omitted). "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in . . . this section." 20 C.F.R. § 416.913(a)(2). For claims filed on or after March 27, 2017, the ALJ "evaluate[s] the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (quoting *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022)); *see also* 20 C.F.R. § 416.920c. "However, '[t]he first two factors—supportability and consistency—

are the most important.'" *Austin*, 52 F.4th at 728 (quoting *Bowers*, 40 F.4th at 875); *see also* 20 C.F.R. § 416.920c(b)(2). So the ALJ must explain how she considered these two factors, but she is not required to explain how she considered the other factors. 20 C.F.R. § 416.920c(b)(2).

Here, the ALJ properly evaluated Dr. Link's and Ms. Griffin's medical opinions because the ALJ explicitly addressed the supportability and consistency of each opinion. The ALJ found Dr. Link's opinion lacked persuasiveness because "the extreme limitations to the claimant's . . . capabilities [we]re inconsistent with the record as a whole, and [we]re not supported by the objective findings in the claimant's treatment records." (AR 21). The ALJ reasoned that Dr. Link's opinion "appear[ed] to be a recitation of the claimant's subjective functional limitations, as described to [him] at her September 2020[] medical encounter." (*Id.*). Additionally, the ALJ found Ms. Griffin's opinion lacked persuasiveness because it was "wholly inconsistent with the record as a whole, and [wa]s not supported by explanation other than a reference to [a] treatment note." (*Id.* 23). The ALJ reasoned that Ms. Griffin's "finding of marked or extreme limitation in mental functioning is simply inconsistent with the record" because the record showed Ms. Head's "mental status examinations were routinely normal[,]" and she "reported increased stressors from outside factors, but continued to note that her medications were working and that she felt stable." (*Id.*). Additionally, the ALJ noted Ms. Griffin's opinions were inconsistent with her own treatment notes. (*Id.*). Thus, this Court finds the ALJ properly considered Dr. Link's and Ms. Griffin's opinions by adequately explaining their supportability and consistency. *See Austin*, 52 F.4th at 728.

### V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Head was not disabled is supported by substantial evidence in the record.

Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 28th day of January, 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge